FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 20 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14108-CIV-PAINE

BIG TOP KOOLERS, INC.,
a Florida corporation, and
NICHOLAS C. BRIENZA,

Plaintiffs,

vs.

CIRCUS-MAN SNACKS, INC.,
a New York corporation,

Defendant.
_____/

MISC 0257

FILED by SR D.C.
MAY 25 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER OF REMITTITUR

This matter is before the court on Defendant's Renewed Motion for Judgment as a Matter of Law, and, in the Alternative, Motion for New Trial or Remittitur, filed on March 17, 2004 (D.E. #123). The court has reviewed the motion, and the responses thereto, and, for the reasons set forth below, finds remittitur to be the most appropriate course of action.

### PERTINENT BACKGROUND

Plaintiffs BIG TOP KOOLERS, INC. and NICHOLAS C. BRIENZA have filed this action against Defendant CIRCUS-MAN SNACKS, INC., alleging, *inter alia*, that Defendant breached a distributorship agreement dated March 5, 2001 ("subject agreement"). This action came on for trial before the Court and a jury, the undersigned presiding. The jury returned a verdict in favor of Plaintiffs, and awarded Plaintiffs Four Hundred Ninety Three Thousand, Seven Hundred Fifty Dollars ($493,750.00) in damages.

Defendant now renews its Motion for Judgment as a Matter of Law, and, in the alternative, moves for a new trial or remittitur of the damages award.

1

## ANALYSIS

*Motion for Judgment as a Matter of Law*

Defendant first renews its Motion for Judgment as a Matter of Law, contending Plaintiffs failed to prove at trial that Defendant breached the operative agreement, and that any such breach caused damages. Admittedly, in this instance, plaintiffs received all items bargained for in the contract *except* 127 of the 300 "initial locations" for the bubble type ice cream display freezers. While the term "initial locations" was not defined in the contract, the court has repeatedly refused to offer its own definition of the term, leaving the definition up to the jury. Defendant suggests the court adopt its view of the term "initial locations[1]" and, award judgment as a matter of law in its favor.

In evaluating a motion for judgment as a matter of law, the court should use a mirrored standard for that of a motion for summary judgment, reviewing all of the evidence in the record and drawing all reasonable inferences in favor of the nonmoving party without making credibility determinations or weighing the evidence. See Reeves v. Sanderson Plumbing, 120 S.Ct. 2097, 530 U.S. 133, 149, 147 L.Ed.2d 105 (2000). Evaluating the entire record of this matter, the court finds that there was a genuine issue of material fact regarding the definition of the term "initial location[2]."

---

[1] Defendant suggests that the term "initial locations" should include names of possible locations provided to plaintiffs by defendant.

[2] The court's finding in this regard is consistent with the Report and Recommendation entered by Magistrate Judge Lynch on September 29, 2003 (D.E. #60), wherein Judge Lynch noted:
> This Court believes that the term "initial locations" as utilized in the contract was not defined and is subject to several interpretations. As such, this Court finds that there is a genuine issue of material fact at issue between the parties as to what that phraseology meant in respect to this distributorship agreement....Further, this Court does not see how either party is prejudiced by proceeding with discovery and presenting these issues at trial for the finder of fact.

2

This definition was properly presented to the jury, and a verdict was rendered accordingly. Thus, the court will deny Defendant's renewed motion for judgment as a matter of law.

*Motion for New Trial / Motion for Remittitur*

Defendant next contends that a new trial is appropriate because plaintiffs expanded the definition of the term "initial locations" beyond its plain meaning to the jury. In the alternative to its request for a new trial, defendant moves for a reduction of the damages awarded in the verdict.

A motion for a new trial pursuant to Federal Rule Civil Procedure 59 is "distinct from a renewed motion for judgment as a matter of law, and is governed by a less strict standard." George v. GTE Diretories Corp., 195 F.R.D. 696, 701 (M.D. Fla. 2000). A trial judge may grant a new trial under Rule 59 for any reason recognized at common law, but a judgment should not be set aside "merely because the losing party can probably present a better case on another trial." Id. (internal citations omitted). As Defendant correctly noted, proper grounds for the award of a new trial include instances where (I) the verdict is against the weight of the evidence, (ii) the verdict is excessive, (iii) errors of law have been committed relating to admission of evidence or instructions given to the jury, and (iv) misconduct by the attorney has caused prejudice. See Copley v. BAX Global, 97 F.Supp.2d 1164, 1168 (S.D. Fla. 2000); George, 195 F.R.D. at 701. The procedural process by which an excessive verdict of the jury is reduced is known as remittitur. Moses v. K-Mart Corp., 905 F.Supp. 1054, 1057 (S.D. Fla. 1995)[3]. The Seventh Amendment requires, however, that the plaintiff be given the option of a new trial in lieu of remitting a portion of the jury's award. Hetzel v. Prince William

---

[3]The court finds the Eleventh Circuit's discussion of the history of remittitur instructive in this matter. See Johansen v. Combustion Engineering, Inc., 170 F.3d 1320, 1328-1329 (11th Cir. 1999)(noting that a federal court's power to "order" a remittitur grew out of its authority to grant a new trial).

3

County, VA, 523 U.S. 208, 118 S.Ct. 1210, 1211, 140 L.Ed.2d 336 (1998)[4].

Reviewing the record of this case, the court finds that the verdict rendered by the jury was excessive in light of the evidence presented. Indeed, the jury award plaintiffs a recovery of Four Hundred Ninety Three Thousand, Seven Hundred Fifty Dollars ($493,750.00) on a business that was originally purchased for Two Hundred Twenty Nine Thousand Dollars ($229,000.00) --a business that plaintiffs retain in addition to the jury award. As brought forth by the Defendant in the hearing before this court on April 27, 2004, this award represents multiple recovery.

During the trial of this cause, Plaintiff Brienza testified that he had received everything bargained for in the contract, with the exception of 127 of the 300 initial locations:

By Mr. Leon:

Q   Mr. Brienza, is there anything besides the 127 accounts that you claim Circus-Man did not provide you with in this agreement that you claim Circus-Man did not provide?

A   127 accounts and the earnings from the 127 accounts, that's it.

See Transcript of the Continued Testimony of Nicholas C. Brienza, February 11, 2004 (D.E. #115) at p. 248-249. By Plaintiff Brienza' own admission, each location or "account" was valued at $125.00. See, e.g. Transcript at p. 167-168. Thus, the total value of the 127 accounts Plaintiffs did not receive was Fifteen Thousand Eight Hundred and Seventy-Five Dollars ($15,875.00).

As to the "earnings from the 127 accounts," the operative contract between parties expressly

---

[4] In Hetzel, the Supreme Court reversed an appellate court's mandamus to a district court to enter judgment for a remittitur without affording the plaintiff the option of a new trial. The Hetzel court held that no judgment for a remittitur may be entered without the plaintiff's consent because the Seventh Amendment prohibits the court from substituting its judgment for that of the jury's regarding any issue of fact. See Hetzel, 118 S.Ct. at 1212; see also Johansen, 170 F.3d at 1329.

4

disclaims lost profits[5]. Thus, to the extent that the award included earnings from these 127 accounts, the award was improper. The court thus finds a remittitur of the damages award appropriate in this instance, for a total award of Fifteen Thousand Eight Hundred and Seventy-Five Dollars ($15,875.00).

In light of the Seventh Amendment, and its interpretation by the Hetzel court, this court recognizes that Plaintiffs must consent to this remittitur in order for it to be valid. In the absence of Plaintiffs' consent, the court will have no alternative but to order a new trial. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Renewed Motion for Judgment as a Matter of Law, and, in the Alternative, Motion for New Trial or Remittitur (D.E. #123) is GRANTED IN PART as follows:

1. Defendant's Renewed Motion for Judgment as a Matter of Law is DENIED;

2. Defendant's Motion for New Trial or Remittitur is GRANTED. The damage award in this case is remitted to Fifteen Thousand Eight Hundred and Seventy-Five Dollars ($15,875.00), subject to Plaintiffs' consent;

3. Plaintiffs shall notify this court within ten (10) days of the date of this order whether they consent to the remittitur, or whether they opt for a new trial. The court will enter an appropriate order upon receipt of Plaintiffs notification.

DONE and ORDERED at West Palm Beach, Florida, this 25th day of May, 2004.

_____
UNITED STATES DISTRICT JUDGE

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By_____ Deputy Clerk
Date 4-19-2010

---

[5]"Circus-Man Snacks, Inc., its agents, servants, and/or employees, make no representation as to the dollar volume that may be sold or the profits that any Distributor may earn as a result of entering into this agreement. Said volume and/or profits may vary with the territory and/or the time and effort expended by each Distributor." See Distributorship Agreement, Exhibit "A" to Plaintiffs' Complaint at D.E. #1.

5

cc: John J. Anastasio, Esq.
    Derek E. Leon, Esq.