UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BIG TOP KOOLERS, INC., a Florida
Corporation, and NICHOLAS C. BRIENZA,

                Plaintiffs,

- against -

CIRCUS-MAN SNACKS, INC., a New
York Corporation,
                Defendant.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 22 2010 ★
BROOKLYN OFFICE

**MEMORANDUM OPINION**
10-MC-257 (RRM)

MAUSKOPF, United States District Judge.

On November 17, 2010, the parties appeared before this Court for a hearing on the motion of Circus-Man Snacks, Inc. ("Defendant") to vacate a Writ of Execution signed by a judge of this court, based on a Registration of Foreign Judgment [Doc. No. 1] filed by Big Top Koolers, Inc. and Nicholas C. Brienza ("Plaintiffs"). The Writ seeks to enforce judgment awarding damages in the amount of $15,875.00 in favor of Plaintiffs and against Defendant based on a final order entered in the United States District Court for the Southern District of Florida in the matter of *Big Top Koolers, Inc., et al., v. Circus-Man Snacks, Inc.*, Case No. 02-14108-CIV-PAINE. This Court denied Defendant's motion from the bench.[1] As a result of the complex procedural history of the underlying matter and to ensure clarity regarding the reasons for denying the motion, the Court issues this Memorandum Opinion.

---

[1] By letter filed in this action on November 10, 2010 [Doc. No. 9], Defendant also seeks to vacate a second writ of execution, based on the registration in this district of a separate foreign judgment entered in the Southern District of Florida in the same action awarding costs to Plaintiffs. See 10-MC-256 (RRM). Defendant has chosen not to file motion papers relating to its application to vacate the writ of execution related to the judgment for costs, but instead, wishes to rely entirely on the papers it filed with respect to the damages judgment. The Court denied Defendant's motion from the bench because the facts and circumstances, as well as the arguments addressed, to the judgment for damages are wholly unrelated to the judgment for costs.

1

## **THE UNDERLYING ACTION**

The protracted saga of this case is extensively detailed in an opinion of the Eleventh Circuit upon which this Court relies. *See Big Top Koolers, Inc., et al., v. Circus-Man Snacks, Inc.*, 528 F.3d 839 (11th Cir. 2008). The procedural history detailed here is limited to that which is germane to the instant application.

Plaintiffs sued Defendant in the United States District Court for the Southern District of Florida for breach of contract, and ultimately received a jury award of $493,750.00. *Id.* at 841. On May 25, 2004, the district court issued an Order of Remittitur (the "May 25, 2004 Order" or the "Order of Remittitur"), requiring Plaintiffs, within ten days, to either accept a reduced award of $15,875.00 or request a new trial on damages.[2] *Id.* In June 2004, Plaintiffs twice filed motions for rehearing on the Order of Remittitur, both of which were denied by the district court on November 12, 2004. *Id.* To this point, Plaintiffs had neither accepted the remittitur nor sought a new trial on damages. *Id.* at 841–42.

Indeed, there was no activity in this litigation until March 9, 2006, when Plaintiffs moved for a scheduling order and requested, for the first time, a trial on damages.[3] *Id.* at 841. On May 10, 2006, the district court issued an order (the "May 10, 2006 Order") denying Plaintiffs' motion, holding that Plaintiffs "had 'impliedly opted' to accept the remittitur in the first place since [they] did not timely advise the court that [they] wanted a new trial or file a notice of appeal." *Id.* at 841–42. In the May 10, 2006 Order, the district court held that the "previously entered Order of Remittitur [referring to the May 25, 2004 Order] stands as the final order of this

---

[2] This order was signed by the district judge on May 25, 2004, but entered on the electronic docket in the Florida action on May 26, 2004. *See* Def.'s Order to Show Cause Ex. A.
[3] During September 2004, back-to-back hurricanes hit the eastern coast of Florida, destroying the office of Plaintiffs' counsel. *Big Top Koolers, Inc.*, 528 F.3d at 841.

2

court," and further directed that "[t]he Clerk of Court shall close this case for lack of timely prosecution on the part of the Plaintiff." *Id.* at 842.

On September 25, 2006, Plaintiffs moved for relief from judgment under Federal Rules of Civil Procedure 60(a) and (b)(1), asserting that they never received the district court's May 10, 2006 Order denying Plaintiffs' request for a scheduling order and new trial. *Id.* Plaintiffs requested that the court re-enter that order to allow for timely rehearing and to preserve Plaintiffs' appellate remedies. *Id.* On October 24, 2006, the district court denied the motion as untimely and without merit, finding, as it had before, that its May 25, 2004 Order of Remittitur was the final order of the court. *Id.* On November 22, 2006, Plaintiffs appealed to the Eleventh Circuit, which affirmed the denial of the motion, albeit for reasons different from those relied upon by the district court.[4] *Id.* at 843.

Central to the Eleventh Circuit's assessment of Plaintiffs' appeal – and central to the application before this Court – was whether the district court had entered final judgment and, if so, when. *Id.* Plaintiffs conceded, and the Circuit unequivocally held, that the district court's May 10, 2006 Order – which, as noted above, held that Plaintiffs had impliedly opted to accept the remittitur – was a final judgment. *Id.*

However, Plaintiffs also argued the district court did not properly *enter* final judgment because it did not set out that final judgment in a separate document as required by Rule 58. *Id.* While agreeing that the district court did not set out its final judgment in a separate document, the court held – again, unequivocally – that judgment had entered. *Id.* The court cited the plain language of Rule 58, which provides that judgment is entered either when "(A) it is set out in a separate document; or (B) *150 days have run from the entry in the civil docket.*" *Id.* (citing Fed.

---

[4] Although the appeal was directed at multiple rulings issued by the district court between 2004 and 2006, a motions panel of the Eleventh Circuit found timely solely Plaintiffs' appeal of the district court's October 24, 2006 order denying Plaintiffs' motion for relief from judgment pursuant to Rule 60(b). *Id.* at 842.

3

R. Civ. P. 58) (emphasis in the original).[5] Since no separate document was filed here, the court relied on the Rule's alternative means of determining when final judgment is deemed entered and held that final judgment was entered in October 2006 – 150 days after entry in the civil docket of the district court's May 10, 2006 Order.[6] *Id.* As such, the Eleventh Circuit concluded that final judgment entered several weeks *after* Plaintiffs filed their Rule 60(b) motion.[7] *Id.*

## THE INSTANT APPLICATION

On April 20, 2010, Plaintiffs filed a Registration of Foreign Judgment pursuant to 28 U.S.C. § 1963 based on the final judgment in Plaintiffs' favor and against the Defendant in the amount of $15,875.00 entered in the Southern District of Florida [Doc. No. 1]. On July 7, 2010, Plaintiffs obtained a Writ of Execution directed against funds belonging to Defendant and believed to be held at the Bank of New York in this district, seeking to satisfy that judgment. [Doc No. 2]. On July 15, 2010, the Writ of Execution was returned unexecuted. *See id.* Plaintiffs obtained a second Writ of Execution on September 2, 2010, which writ Defendants seek to vacate. *See* Def's Order to Show Cause Ex. A.

Defendant argues that this Court should vacate the writ because "[n]o Judgment has ever been issued in favor of the Plaintiffs and against the Defendant in any Court of competent jurisdiction, nor does the District Court's Order of Remittitur constitute a Judgment." Graziano Aff. ¶ 6. Defendant further asserts: "As there is no Judgment that has ever been issued in any

---

[5] Indeed, in its brief on appeal, Defendant conceded that the there is a final judgment in this case. Specifically, Defendant acknowledged that "[a]t some point, due to the inaction of [Plaintiffs], the remittitur hardens into a final judgment . . . ." Def's 11th Cir. Br., at xiii, Mar. 20, 2007.
[6] In litigation subsequent to this appeal, the district court noted that "[t]he 150 days actually expired on October 7, 2006, but that date was a Saturday. Therefore, pursuant to Federal Rule of Civil Procedure 6, the 150 days expired on Monday, October 9, 2006." *See* Def.'s Order to Show Cause Ex. C, at 4 n.2.
[7] The Eleventh Circuit went on to hold that denial of Plaintiffs' Rule 60(b) motion was proper on two grounds not relied on by the district court. *Id.* at 844–45 ("First, post-judgment relief could have been properly denied because [Plaintiffs'] time for filing notice of appeal had not run when it filed its *Rule 60(b)* motion. Second, *Rule 60(b)* cannot be used to accomplish what Big Top sought, that is, an extension of time to appeal [pursuant to Federal Rule of Appellate Procedure 4(a)(6)] based on upon failure to received notice of the judgment.").

Court, there is no Judgment upon which a Writ of Execution can be issued." *Id.* ¶ 8. Defendant's argument is plainly belied by the rulings of both the Eleventh Circuit and the district court.

As the Eleventh Circuit plainly held, the district court's May 10, 2006 Order is the final judgment in this case, which judgment was deemed entered pursuant to Rule 58 in October 2006. *Big Top Koolers, Inc.*, 528 F.3d at 843. The district court's May 10, 2006 Order expressly held that Plaintiffs, through inaction, impliedly accepted the remittitur of $15,875.00 and that the "Order of Remittitur stands as the final order of this court." *Id.* at 842. Taken together, the Eleventh Circuit and district court rulings clearly demonstrate that a final judgment in favor of Plaintiffs as against Defendants in the amount of $15,875.00 was entered in October 2006.

The Defendant does not claim, nor does the record of this case in any way show, that any aspect of the litigation or appellate history altered in any way that final judgment.[8] This Court is bound by the law of the case. *See Calderon v. Astrue*, 683 F. Supp. 2d 273, 276 (E.D.N.Y. 2010) ("'When acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case.'" (quoting *Vizcaino v. United States District Court*, 173 F.3d 713, 719 (9th Cir. 1999))). Moreover, this Court's own analysis of the facts and procedural history of this matter leads to the same conclusion: final judgment for Plaintiff in the amount of $15,875.00 has entered.

---

[8] This Court need not detail the extensive post-judgment litigation in this matter, which included, *inter alia*, various motions filed in the district court by both parties, as well as a second appeal to the Eleventh Circuit, except in one respect. The issue raised in this second appeal was whether the district court properly denied as untimely a motion pursuant to Federal Rule of Appellate Procedure 4(a)(6) to enlarge Plaintiffs' time to appeal the judgment. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 345 Fed. Appx. 396, 397 (11th Cir. 2009). In measuring the timeliness of Plaintiffs' Rule 4(a)(6) motion and affirming the district court's own timeliness calculation, the Eleventh Circuit clearly reiterated – for yet a second time – that judgment entered 150 days after the district court's May 10, 2006 Order. *Id.* at 298–99. The mandate of the Eleventh Circuit following this appeal, issued on October 9, 2009, is the last substantive action listed on the docket in the underlying action.

Federal Rule of Civil Procedure 69(a)(1) provides that a "money judgment is enforced by a writ of execution," and the "procedure on execution—and in proceedings supplementary to and in aid of judgment of execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Here, the federal statute permitting the registration for enforcement of a judgment in a federal district other than the originating district applies. Pursuant to 28 U.S.C. § 1963, "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.*; *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 3012 (2008) ("Once so registered in another district, the judgment may be enforced there in accordance with the law of that state as though originally rendered by that court.") (footnote omitted). Accordingly, the procedures for enforcing the money judgment by writ of execution in this case are governed by New York law, and Defendants do not challenge the Writ on these grounds. *See* N.Y. C.P.L.R. § 5230 (MCKINNEY 2010); *Applestein v. Republic of Arg.*, No. 02-CV-1773 (TPG), 2010 U.S. Dist. LEXIS 14384, *10–11 (S.D.N.Y. Feb. 4, 2010) (ordering that plaintiffs were authorized by, *inter alia*, Rule 69 and N.Y. C.P.L.R. § 5230 to deliver writs of execution to the U.S. Marshal).

Plaintiffs have been awarded a final judgment in their favor, registered it with this Court, and obtained a judicially-authorized Writ of Execution seeking to enforce that judgment. The Court finds Defendant's motion to be wholly without merit.[9]

---

[9] On December 31, 2008, the district court in Florida exhorted the parties to "forthwith seek to have the litigation conclusively resolved" and "file any necessary pleadings to have the final judgment in this case enforced . . . ." *Big Top Koolers, Inc., et al., v. Circus-Man Snacks, Inc.*, Case No. 02-14103-CIV-GRAHAM, at 7 (S.D. Fl. Dec. 31, 2008). Now, more than eight years since the underlying action was filed, and more than four years since judgment has entered, litigation continues in yet another court on a matter that was conclusively resolved long ago. This Court renews the plea of its district court colleague to "forthwith seek to have the litigation conclusively resolved." *Id.*

## CONCLUSION

For the reasons set forth herein, Defendant's motion to vacate [Doc. No. 3] is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 22, 2010

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge